UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MICHAEL MULLEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:16-00950 |
| ) | Judge Brown |
| CITY OF LaVERGNE, TENNESSEE, ) | |
| ) | |
| Defendant. ) | |

# MEMORANDUM

Plaintiff brought this action originally in the Chancery Court for Rutherford County on May 28, 2016 alleging violations of the Fourteenth Amendment, the Tennessee Human Rights Act (THRA), Tenn. Code Ann. §§ 4-21-101 *et sec*, and the Tennessee Public Protection Act (TPPA), Tenn. Code Ann. §§ 50-1-304 *et seq*. (Doc. 1-2)  Defendant filed a notice of removal under 28 U.S.C. §§ 1441(a), (c) and 1443 on May 25, 2015.  (Doc. 1)  Thereafter, this case was transferred to the undersigned with the consent of the parties for all proceedings and decision in this action. (Docs. 20-21)

Presently pending before the court is defendant's motion for partial summary judgment seeking to dismiss plaintiff's claims under THRA and TPPA on statute-of-limitations grounds. (Doc. 11)  Plaintiff responded in opposition to defendant's motion on August 11, 2016 (Doc. 23), and plaintiff replied on August 25, 2016 (Doc. 28).  Defendant's motion for partial summary judgment is now properly before the court.  However, in reviewing the record in response to defendant's motion for partial summary judgment, the undersigned has determined that this action should be remanded to the Chancery Court for Rutherford County for want of subject matter jurisdiction.

"Federal courts are courts of limited jurisdiction and the law 'presume[s] that a cause lies

outside this limited jurisdiction.'" *Vander Boegh v. Energy Solutions, Inc.*, 772 F.3d 1056, 1064 (6th Cir. 2014)(quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). "The burden of establishing the contrary rests upon the party asserting jurisdiction." *Vander Boegh*, 772 F.3d at 1064 (quoting *Kokkonen*, 511 U.S. at 377). "Because subject-matter jurisdiction is 'an [Article III] as well as a statutory requirement . . . no action of the parties can confer subject-matter jurisdiction upon a federal court.'" *Vander Boegh*, 772 F.3d at 1064 (quoting *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)). "'Subject-matter jurisdiction can never be waived or forfeited,' and courts are obligated to consider *sua sponte* whether they have such jurisdiction." *Vander Boegh*, 772 F.3d at 1064 (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)). More particularly, "a federal court always has jurisdiction to determine its own jurisdiction." *United States v. Ruiz*, 536 U.S. 622, 628 (2002).

The foregoing applies to removal actions. Although remand of a "case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal," "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, [then] the case shall be remanded." 28 U.S.C. § 1447(c); *see also* Fed. R. Civ. P. 12(h)(3)("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action."). Even where no challenge to jurisdiction has been made by a litigant, the question should be raised by the Court *sua sponte*. *See Rote v. Zel Custom Mfg. LLC*, 816 F.3d 383, 392 (6th Cir.), *cert. denied sub nomine*, *Direccion General de Fabricaciones Militares v. Rote*, 137 S. Ct. 199 (2016). The Court has a responsibility to make an independent subject matter jurisdiction determination, rather than relying solely on a conclusory assertion of the defendant. *See McNutt v. Gen. Motors Acceptance Corp. of Indiana*, 298 U.S. 178, 184 (1936). The "removal

statutes are strictly construed against removal, such that doubt should be resolved in favor of remand." *Lexington-Fayette Urban Cty. Gov't Civil Serv. Comm'n v. Overstreet*, 115 Fed.Appx. 813, 816 (6th Cir. 2004). It is defendant's burden to provide the Court with "competent proof" of jurisdiction. *McNutt*, 298 U.S. at 189; *Ahearn, et al. v. Charter Twp. of Bloomfield*, 100 F.3d 451, 453-54 (6th Cir. 1996). The court is not required to – and may not – engage in speculation or guesswork to determine its jurisdiction. *See Strebler v. Morgan Stanley & Co., Inc.*, 2014 WL 4545932 *5 (N.D. Ohio, Sept. 12, 2014). "[B]ecause lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir. 2006)(citations omitted).

The petition for removal asserts that "[t]he defendants, acting by and through counsel, pursuant to 28 U.S.C. § 1441(a), 28 U.S.C. § 1441(c), and 28 U.S.C. § 1443 states the following . . . ." Title 28 U.S.C. § 1446 requires that a defendant "desiring to remove any civil action from state court . . . file a notice of removal . . . .containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." Defendant's petition for removal does not contain "a short plain statement of the grounds for removal." Because the petition for removal fails to comply with § 1446, the court is unable to determine what the basis for jurisdiction may be from defendant's "by and through counsel" statement above.

In addition to the foregoing, § 1443 provides the following in civil rights cases such as the one before the court:

> Any of the following civil actions . . . commenced in a State court may be removed by the defendant to the district court of the United

>   States for the district and division embracing the place wherein it is
>   pending;
>
>   (1) Against any person who is denied or cannot enforce in the
>   courts of such State a right under any law providing for the
>   equal civil rights of citizens of the United States, or of all
>   persons within thereof . . . .
>
>   (2) For any act under the color of authority derived from any law
>   providing for equal rights, or for refusing to do any act on the
>   ground that it would be inconsistent with such law.

Section 1443(1) applies only when a defendant demonstrates two things: first, "that the right allegedly denied the removal petitioner arises under federal law providing for specific civil rights stated in terms of racial equality"; **and** second, that "the removal petitioner is denied or cannot enforce specific federal rights in State Courts." *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *see also Georgia v. Rachel*, 384 U.S. 780, 792, 803 (1966); *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 825 (1966). Section 1443(2) confers a privilege of removal only upon federal officers, agents, and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights. *City of Greenwood, Miss.*, 384 U.S. at 824. Because defendant fails to assert standing under either part of § 1443(1), and because defendant clearly is not a federal officer, agent, or one authorized to act on behalf of a federal officer or agent, removal under § 1443 was not proper and, as such, jurisdiction cannot be based on defendant's reference to § 1443.

Defendant's petition for removal does provide the following jurisdictional statement: "This Court has jurisdiction over the above-styled cause of action pursuant to 28 U.S.C. §§ 1331 and 1367." Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States," and § 1367 provides

for "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . . ." Once again, however, there is nothing in defendant's reference to these two general jurisdiction statutes that establishes the grounds for original jurisdiction in this case under § 1331 and, by inference, § 1367. Although § 1367 applies to mixed federal-state claims before district courts, the question here is: "What is the basis for jurisdiction under § 1331 in this specific case, *i.e.*, what is the federal question at issue?"

With only conclusory and illusory suggestions of jurisdiction in the petition for removal, the undersigned turns to the amended complaint itself which defendant has provided. (Doc. 1-2) As previously established, the federal removal statute – § 1441– permits a defendant to remove a civil action from state court to federal court if the plaintiff could have brought the matter in the federal district court. *A Forever Recovery, Inc. v. Twp. of Pennfield*, 606 Fed.Appx. 279, 280 (6th Cir. 2015). In determining whether a complaint arises under federal law, courts apply the "well-pleaded complaint" rule. *Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514-15 (6th Cir. 2003). Federal question jurisdiction arises where a "'well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Palkow v. CSX Transp. Inc.*, 431 F.3d 543, 552 (6th Cir. 2005)(quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)). "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998)(quoting *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987)). The well-pleaded complaint rule recognizes that the plaintiff is the master of his complaint. *Loftis*, 342 F.3d at 515. Federal jurisdiction "exists

5

when 'a well-pleaded complaint establishes either that federal law creates the cause of action of that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009)(quoting *Franchise Tax Bd.*, 463 U.S. at 27-28). A mere incidental reference to a violation of federal law or the United States Constitution does not convert a state complaint into a federal cause of action if the federal claim is not a necessary element of the sate law claim. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996).

Plaintiff asserts the following in the jurisdiction and venue section of his amended complaint: "This action is filed pursuant to . . . the United States Constitution Amendment XIV . . . ." (Doc. 1-2, ¶ 3, p. 1) Plaintiff alleges two counts of violations under the Fourteenth Amendment. (Doc. 1-2, pp. 7-10) Plaintiff asserts the following in count I:

> Plaintiff was placed on paid administrative leave after one of these internal affairs investigations previously referenced in November 2014. Plaintiff was not provided a definitive reason for his suspension in writing nor was he given the opportunity to address the allegations and put forth a defense, clearly in violation of the due process clause of the United States Constitution Amendment XIV.

(Doc. 1-2, ¶ 40, p. 8) Plaintiff asserts the following in count II:

> Plaintiff was placed on leave prior to Thanksgiving of November 2014 with LaVergne. It is unfathomable that any investigation LaVergne would have had on the Plaintiff would have continued through April 2015. Further, Plaintiff was not advised in writing why he was on paid leave nor was he provided with an opportunity to defend himself or clear his name. As a result, the Police Department of the City of LaVergne has used this to further restrict the liberty interest of the Plaintiff provided by the United States Constitution, Amendment XIV, by sharing information in a false light as to why plaintiff was no longer employed by the City of LaVergne.

(Doc. 1-2, ¶ 53, p. 10) In his demand for relief, plaintiff asserts only that he "have all remedies

available to him allowed by law for the violations of his Due Process Rights." (Doc. 1-2, ¶ 6, p. 10)

It is axiomatic that plaintiff has rights under the Fourteenth Amendment. However, the Fourteenth Amendment does not confer a cause of action in and of itself, and plaintiff fails to refer to or even suggest any federal law pursuant to which a cause of action might arise. As previously noted, plaintiff's incidental reference to the Fourteenth Amendment does not establish a violation of federal law.

Neither does plaintiff couch his Fourteenth Amendment claims in terms of any state law or statute, city ordnance or published policy with respect to which the alleged acts or omissions of defendant violated his rights under the Fourteenth Amendment. Plaintiff's specific allegations in counts I and II are that: 1) the Chief of Police used internal affairs investigations (IA) to pressure officers into silence; 2) the results of IA investigations "[o]ften . . . [we]re not provided to those investigated, presumably to keep the officer on edge and under control"; 3) he missed overtime work while on paid administrative leave; 4) he worried about his job, his future, and his family while on paid administrative leave; 5) his suspension was the subject of a televised news story; 6) there were "many" IA investigations following which no punitive action was taken even where fault was found; 7) he was not permitted to rescind his resignation, although "other officers" were permitted to rescind theirs; 8) his transfers during his career were for punitive reasons and to embarrass him; 9) transfers since 2004 affected his family and personal life and occurred "without prior warning or opportunity for redress"; 10) unnamed and unidentified high ranking members of the LaVergne Police department prevented him from obtaining other law enforcement work, although it is against the "policy of the City of LaVergne to provide information to prospective employers other than dates of employment." (Doc. 1-2, ¶¶ 39, 41-52, pp. 8-10)

As shown above, plaintiff does not allege and show that his Fourteenth Amendment rights were violated pursuant to any alleged act or omissions attributable to defendant under any state or city law, statute, ordnance or published policy. Nor, as noted previously, may the court engage in speculation or guesswork to determine whether the allegations enumerated above convey jurisdiction on the district court.

For the reasons explained above, the district court lacks subject matter jurisdiction in this matter. Consequently, this case will be **REMANDED** to the Chancery Court for Rutherford County. An appropriate order will be entered.

s/ Joe B. Brown
Joe B. Brown
United States Magistrate Judge
